### GROLL v. PROSPECT PARK & C. I. R. Co.

*(Supreme Court, General Term, Second Department. February 11, 1889.)*

CARRIERS—INJURIES OF PASSENGERS—DANGEROUS PREMISES.

A verdict of damages to one injured by tripping on a railroad station platform, while approaching it in the dark as a passenger, will not be disturbed; it appearing that the only dispute was whether the platform and its approaches were properly lighted, and that the question was properly submitted to the jury.[1]

Appeal from circuit court, Kings county.

Action by Joseph Groll against the Prospect Park & Coney Island Railroad Company, for personal injuries. Judgment for plaintiff, and defendant appeals.

---

[1] Concerning the duty of railroad companies, as carriers of passengers, to properly light their stations and approaches, see Grimes v. Pennsylvania Co., 36 Fed. Rep. 72, and note.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Morris & Pearsall*, for appellant. *Michael A. Smith*, for respondent.

DYKMAN, J. This is an action for the recovery of damages resulting from an injury sustained by the plaintiff in going onto one of the trains of cars running upon the defendant's road. The defendant owns and operates a rail-road from Brooklyn to Coney Island, over Gravesend avenue, one of the public thoroughfares of the county of Kings, and there are stations along the avenue where the trains running on the road are stopped to discharge and re-ceive passengers. At those stations the company has erected narrow plat-forms for the convenience of its passengers. The platform where the acci-dent to the plaintiff happened was 12 inches high, 27 inches wide and 97 feet long. On the night of December 2, 1885, about 8 o'clock in the evening, the plaintiff desired to take a train on the defendant's road to go to his home at Coney Island, and for that purpose walked along the highway until he came to the platform, and, as he was about to step upon it, his toe or foot caught, and he fell over the platform, and struck the rail, and injured his knee-cap, and fractured the bone of his leg below his knee. There was no dispute about the injuries, and they were severe and permanent. There was nothing improper or faulty in the location or construction of the platform, and so the trial judge decided, and refused to permit any question on that subject to the jury, but he submitted another question to the jury upon which a verdict was found for the plaintiff. It was nightfall when the plaintiff received his in-juries, and it was his claim on the trial that it was dark, and that the plat-form and the approaches to the same, and to the trains which were to take up passengers at that station, were insufficiently lighted to enable passengers to move along and upon them with safety; and much of the testimony on both sides was directed to that question. The plaintiff undertook to show the ab-sence of lights, and the defendant made an effort to show the place well lighted in the usual manner. There was nothing about the platform itself subject to criticism, or upon which negligence could be charged against the company, and so was the charge of the trial judge, and he instructed the jury that the real question was whether the defendant furnished sufficient light to make the platform reasonably safe and secure for persons desiring to enter the cars; and, further, that it was the duty of the company to make the entrance to its trains reasonably safe for persons whom it invited to become passengers, and that, as far as the character of the platform was concerned, there was no criticism, and no negligence could be predicated thereon. The charge was in all respects faultless, and favorable to the defendant, and we find no errors in the conduct of the trial. The jury found against the defendant upon the question of light, and the finding is sustained by the testimony, and the law will sustain it when based upon such facts. Thomp. Car. 108; *Hulbert* v. *Railroad Co.*, 40 N. Y. 145. The judgment and order denying new trial should be affirmed, with costs.